UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATTE DIAKO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:23-cv-00577-SRC |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of the Social Security | ) |
| Administration,[1] | ) |
| | ) |
|     Defendant. | ) |

**Memorandum and Order**

Patte Diako seeks judicial review, under 42 U.S.C. § 405(g), of the Commissioner of Social Security's final decision denying his application for supplemental social security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–85. The Court affirms the Commissioner's decision.

**I.      Procedural history**

In 2020, Diako filed an application for supplemental social security income. *See* Tr. 213–216. The Social Security Administration denied his application on initial review and on reconsideration. Tr. 115–27. Upon Diako's request, an Administrative Law Judge held a hearing on November 1, 2021. Tr. 10. Diako testified during the hearing with the assistance of an interpreter. *See* Tr. 26–55. Following the hearing, the ALJ denied Diako's application. Tr. 7–22. Diako then sought review of the ALJ's decision by the Appeals Council, but it denied his request. Tr. 1–3. The ALJ's decision,

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

therefore, is the final decision of the Commissioner that this Court reviews. *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

## II.     Standard for determining disability under the Act

Under the Social Security Act, an adult individual is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner follows a five-step evaluation when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, the claimant is not disabled. *Id.*

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner evaluates the evidence to determine whether the claimant has a severe "impairment[] [that] significantly limits [the] [claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (fourth alteration in original) (quoting 20 C.F.R. § 416.920(c)); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (first citing *Bowen v.*

2

*Yuckert*, 482 U.S. 137, 153 (1987); then citing *id.* at 158 (O'Connor, J., concurring); and then citing 20 C.F.R. § 404.1521(a)); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the residual functional capacity (RFC) to perform his or her past relevant work.  20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i).  RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (quoting *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007)); *see also* 20 C.F.R. § 416.945(a)(1).  While RFC must be "based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," RFC is nonetheless an administrative assessment—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (quoting *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009)).  Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (first citing *Myers v. Colvin*, 721 F.3d 521, 526–27 (8th Cir. 2013); and then citing *Perks v. Astrue*, 687 F.3d 1086, 1092–93 (8th Cir. 2012)).

Ultimately, the claimant is responsible for *providing* evidence relating to his or her RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination[] if necessary, and making every reasonable effort to help

3

[the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If the Commissioner determines that the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Finally, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of producing evidence showing the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At this stage, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932 (citing *Goff*, 421 F.3d at 785).

**III.    The ALJ's decision**

Applying the foregoing, the ALJ concluded that Diako had "not been under a disability within the meaning of the Social Security Act since February 10, 2020, the date the application was filed." Tr. 11. After determining that Diako had not engaged in substantial gainful activity since his application date, Tr. 12, the ALJ considered whether he had any severe impairments, Tr. 13–16. She determined that Diako's medically determinable impairments include "mild degenerative disc disease of the lumbar spine, very mild degenerative disc disease of the cervical spine, mild to moderate cardiomegaly, mild paraseptal emphysema, and asymptomatic HIV." Tr. 13. These impairments, as the ALJ explained, "could reasonably be expected to produce" Diako's alleged symptoms. *Id.* His "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms," however, were "not supported by his subjective complaints to his medical providers, the diagnostic and clinical

4

findings in the objective medical evidence, the limited nature and extent of his medical treatment, or his activities." Tr. 14. Thus, based on all evidence in the record, the ALJ concluded that none of Diako's impairments individually or in combination qualify as a severe impairment. Tr. 13–16. Accordingly, the ALJ concluded at step two that Diako is not disabled and therefore the ALJ did not complete the remaining steps of the analysis. *See id.*

### IV.     Standard of review

When a claimant seeks judicial review of the Commissioner's decision, the Court determines whether substantial evidence on the record as a whole supports his decision. 42 U.S.C. §§ 1383(c)(3), 1405(g). If it does, the Court must affirm the decision. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016) (citing *Crawford v. Colvin*, 809 F.3d 404, 408 (8th Cir. 2015)). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* (quoting *Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015)). The Court will not "reverse merely 'because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently.'" *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (quoting *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015)).

**V.     Discussion**

Diako challenges the ALJ's decision on two grounds.  First, Diako claims that substantial evidence does not support the ALJ's step-two finding.  *See* doc. 15 at 3–10.[2]  Second, Diako argues that the record lacks evidence that supports the ALJ's RFC determination.  *See id.* at 11–13.  The Court addresses each argument in turn.

**A.     Substantial evidence supports the ALJ's step-two finding.**

Diako first argues that substantial evidence does not support the ALJ's step-two finding.  *See id.* at 3–10.  Specifically, he argues that the ALJ erred in finding that his lumbar-spine impairment and HIV are non-severe impairments.  *Id.*  The Court disagrees.

At step two, an ALJ must determine whether a claimant suffers from a severe impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least 12 months.  20 C.F.R. § 416.920(a)(4)(ii); 20 C.F.R. § 416.909.  "An impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities," including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling."  20 C.F.R. § 416.922(a)–(b)(1).  The claimant bears the burden of demonstrating that he has a severe impairment or combination of impairments.  *Kirby*, 500 F.3d at 707–08 (citing *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000)).  "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard . . . ."  *Id.* at 708 (citation omitted).

The ALJ in this case considered Diako's lumbar-spine and HIV impairments, the symptoms Diako alleged he experiences because of those impairments, and the extent to which the record supports the intensity, persistence, and limiting effects he claimed.  Tr. 14–16.  Although Diako's

---

[2] The Court cites to page numbers as assigned by CM/ECF.

6

impairments could reasonably be expected to produce Diako's symptoms, the ALJ found that the record did not support the intensity, persistence and limiting effects that Diako claimed and concluded that his impairments are not severe. *Id.* at 13–16. As explained below, substantial evidence supports this conclusion.

First, the medical evidence in the record demonstrates that Diako's lumbar-spine and HIV impairments are not severe. As to his lumbar-spine impairment, medical imaging shows that he has only mild and age-appropriate degenerative changes. Tr. 608. The results of clinical examinations consistently show a normal range of motion in his musculoskeletal system. *See, e.g.*, Tr. 550, 810, 832. He has normal strength in all his extremities, Tr. 614, 625, and no tenderness, Tr. 550, 833. Moreover, the record does not support Diako's claim that his back pain limits his ability to lift, sit, stand, or walk. Tr. 36, 38, 42–43. Instead, his medical records lack complaints about his pain's limiting effects and evidence that he needed pain management or an assistive device for walking. Finally, as to his HIV, medical records show that it is asymptomatic and well-controlled, Tr. 555, 837, and that on several occasions Diako had no complaints regarding the symptoms he experiences because of his HIV and his medications, *see, e.g.*, Tr. 783, 830.

Second, Diako's activities showed that Diako's impairments do not significantly limit his ability to do basic work activities. Diako testified that he can ascend and descend stairs to reach his second-floor apartment. *See* Tr. 34. He cooks, cleans, does laundry, and goes grocery shopping. Tr. 35, 41. And he has his driver's license and can drive. Tr. 36.

Third, the two prior administrative medical findings in the record do not support Diako's alleged symptoms. Both doctors concluded that Diako's asymptomatic HIV is a severe medically determinable impairment, Tr. 94, 106, and one of the doctors concluded that Diako's lumbar-spine impairment is severe, *see* Tr. 106. The ALJ explained, however, that the medical evidence did not

7

support their findings and instead "consistently showed normal findings on physical examination and generally mild findings on diagnostic testing and imaging." Tr. 16; *see also, e.g.*, Tr. 550, 606, 625, 784, 844. In addition, the doctors did not have access to the complete medical-evidence record, and they failed to explain how asymptomatic HIV could cause more than minimal limitations. Tr. 16, 94–98, 106–10. Thus, the ALJ found both findings unpersuasive, a finding that Diako does not challenge before this Court. Tr. 16; *see* doc. 15.

Based on this evidence and the record as a whole, the Court holds that substantial evidence supports the ALJ's step-two finding that Diako's HIV and lumbar-spine impairments are not severe. Accordingly, the ALJ did not err at step two when she concluded that Diako is not disabled.

### B. Diako's argument regarding the ALJ's RFC determination is moot.

Diako also argues that the record lacks evidence that supports the ALJ's RFC determination. Doc. 15 at 11–13. After finding that Diako is not disabled at step two, the ALJ ceased her analysis. *See* Tr. 16–17. She did not render an RFC determination. *See* Tr. 10–17. Accordingly, Diako's argument regarding his RFC is moot.

## VI. Conclusion

For the reasons explained above, the Court affirms the Commissioner's decision and dismisses Diako's [1] Complaint with prejudice. A separate judgment accompanies this Memorandum and Order.

So ordered this 11th day of June 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE